ELECTRONICALLY FILED
Benton County Circuit Court
Brenda DeShields, Circuit Clerk
2017-May-18 10:41:24
04CV-17-78
C19WD04 : 11 Pages

## IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
## CIVIL DIVISION

**EARL BETTS and AMY BETTS**                              **PLAINTIFFS**
**Individually, and On Behalf of**
**All Others Similarly Situated**

**V.**                                    **NO. CV2017-78**

**USAA GENERAL INDEMNITY COMPANY**                        **DEFENDANT**

### FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs, Earl and Amy Betts, who bring this class action on behalf of themselves and all

others similarly situated, by and through the undersigned counsel, and for their First Amended

Complaint against USAA General Indemnity Company ("Defendant" or "USAA") state and

alleges as follows:

#### INTRODUCTION

1.     This is a class action whereby Plaintiffs seek for themselves and all other

similarly situated insured customers or former customers of Defendant, a declaratory judgment

that Defendant violated Arkansas law when, as a common policy and general business practice, it

deemed its insured's vehicle a total loss and issued payment to the lienholder for applicable

taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership

of a comparable automobile in addition to the actual cash value of the vehicle ("ACV").

2.     Plaintiffs further seeks for themselves and all others similarly situated an Order

requiring Defendant to pay monetary restitution, plus pre-judgment and post-judgment interest,

of all of the taxes, license fees and other fees actually incurred incident to transfer of evidence of

ownership of a comparable automobile it issued to lienholders.

3.     Finally, Plaintiffs seek for themselves and all others similarly situated an injunction preventing Defendant from continuing to violate Arkansas law by issuing payment to the lienholder for applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile in addition to the actual cash value of the vehicle ("ACV").

## JURISDICTION AND VENUE

4.     Plaintiff 's and all proposed class members are citizens of the State of Arkansas. Defendant is a corporation authorized to do business in the State of Arkansas.

5.     The Court has personal jurisdiction over Defendant under Ark. Code. Ann. § 16-4-101. Defendant conducts business in Arkansas and avails itself of Arkansas markets.

6.     The compensatory damages being sought by Plaintiff and Class members do not exceed $75,000 individually. The aggregate compensatory damages claimed by Plaintiff and the Class, exclusive of interest and costs, are below the $5 million federal jurisdictional threshold of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

7.     Accordingly, this Court has jurisdiction over the parties and the subject matter of this action.

8.     Venue is proper pursuant to Ark. Code Ann. § 16-60-108.

## PARTIES

9.     Plaintiffs, Earl and Amy Betts, reside in Benton County and are citizens of the state of Arkansas. Plaintiffs contracted with the Defendant for automobile insurance. Plaintiffs were involved in an accident in which they were not at fault.  Plaintiffs suffered a total loss of their vehicle. On October 27, 2016, USAA offered a settlement in the amount of $29,562.81, broken down as follows: $23,168.00 actual cash value for the vehicle (subtracting $500.00

collision deductible), $1,880.92 taxes, $10.00 title transfer, $2.89 Validation Decal Fee, and $1.00 Registration Fee. Defendant then demanded that they send the applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile (totaling $1894.81) to the lien holder in violation of Arkansas law.

10. Defendant, USAA, is general indemnity insurance company founded in Texas in 1922 and has its principal place of business at 9800 Fredericksburg Road, San Antonio, Texas, 78286. It offers auto insurance to Arkansas consumers.

## COMMON FACTUAL BACKGROUND

11. According to Defendant's marketing materials (USAA) was founded in 1922 and is a Texas-based Fortune 500 company with approximately 11.9 million members.

12. Plaintiffs, like all proposed class members, currently have, had, or was covered under, a contract of automobile insurance with Defendant that included coverage for property damage to their vehicle.

13. The contract of insurance between Plaintiffs, as well as each proposed class member, and Defendant states that in the event of a total loss, the Defendant is required to pay the ACV, applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile, less any deductible.

14. Defendant made or offered to make payments to the lien holders on behalf of Plaintiffs, and all proposed class members, under their property damage coverage after their vehicles were deemed a total loss.

15. Defendant, throughout the Class Period, and as a common policy and general business practice, paid lien holders applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile in addition to the ACV

in violation of Arkansas law and despite knowing the lienholders interest only extended to the

ACV of the vehicle.

## COMMON CONTROLLING LAW

16.     Defendant's internal policies dictate that all policyholders or insured customers be

treated consistent with the requirements of the laws and regulations of the appropriate state.

Arkansas law controls how insured's who reside in Arkansas must be treated by the Defendant.

17.     It is well settled under Arkansas law that when a vehicle is totaled in a collision, a

primary automobile insurer settling a claim must itemize 1) the actual cash value of the vehicle,

2) sales taxes, and 3) fees. The settlement must include payment for each distinct item. This

obligation is established at Ark. Code. Ann. § 23-89-211:

> If an insurer settles a claim for damages to an automobile as a total
> loss to its own insured or a person having a claim against its
> insured, the insurer shall include with the payment for the loss all
> applicable taxes, including sales taxes and fees as required under
> Rule and Regulation 43 of the State Insurance Department; and an
> itemized list stating the amount of the claim attributable to the
> value of the automobile and attributable to the sales tax on an
> automobile of that value.

18.     Further, Ark. Admin. Code 054-00.43-10(a)(2) states that "The insurer may elect

a cash settlement based upon the actual cost, less any deductible provided in the policy, to

purchase a comparable automobile, including all applicable taxes, license fees and other fees

actually incurred incident to transfer of evidence of ownership of a comparable automobile.

19.     In order to comply with Arkansas law, Defendant was required by law to issue

one check to any lienholder that may exist for the ACV of the vehicle to the extent of the lien

and issue separate checks to the insured for the all applicable taxes, license fees and other fees

actually incurred incident to transfer of evidence of ownership of a comparable automobile.

20.     Complying with Arkansas law does not prevent Defendant (or any Arkansas automobile insurer) from asserting a claim of ownership on the salvaged vehicle as the primary insurer would simply stand in the place of the lien holder or have a secondary lien on the vehicle as an ordinary creditor.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff 's bring this action on his own behalf and on behalf of a class of all other persons similarly situated (the "Class"), pursuant to Rule 23 of the Arkansas Rules of Civil Procedure.

22.     This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Arkansas Rules of Civil Procedure 23(a) and (b).

23.     Plaintiff 's seek certification of the following class:

> Residents of the State of Arkansas who, from January 19, 2012 through the date of resolution of this action, (a) purchased a policy of insurance form the Defendant; (b) had their vehicle deemed a total loss by the defendant; (c) had applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile paid to a lien holder and (e) never received payment of the applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile.

24.     Plaintiffs reserve the right to modify or amend the definition of the proposed Class before the Court determines whether certification is proper.

25.     Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants, or employees of Defendant and the immediate family members of any such person. Also excluded are any judge who may preside over this cause of action and any attorneys representing the Plaintiff or the Class.

26.     The exact number of the Class, as herein identified and described, is not known but is estimated to number in the thousands. The Class is so numerous that joinder of individual members herein is impracticable. The identity of Class members is ascertainable through Defendant's records kept in the ordinary course of business.

27.     There are common questions of law and fact in the action that relate to and affect the rights of each member of the class and the relief sought is common to the entire class. In particular, the common questions of fact and law include:

(A)     Whether, throughout the Class Period, as a common policy and general business practice, Defendant was in violation of Ark. Code Ann. 23-89-211 *et seq.* by issuing monies intended for applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile on Plaintiffs and Class members' totaled vehicles to lien holders.

28.     Plaintiffs claims are representative of the Class and their claims are typical of the claims of the proposed Class, in that the claims of all members of the proposed Class, including Plaintiffs, depend on showing that Defendant's acts gave rise to the right to relief sought herein. There is no conflict between the individually named Plaintiff and other member of the proposed Class with respect to this action or with respect to the claims for relief set forth herein.

29.     As the representative party for the Class, Plaintiffs are able to and will fairly and adequately protect the interests of the Class. The attorneys for Plaintiffs and the Class are experienced and capable in complex civil litigation, insurance litigation, and class actions.

30.     The class-action procedure is superior to all other available methods for the fair and efficient adjudication of this controversy. This action would permit a large number of injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and

without unnecessary duplication of evidence and effort. Class treatment also would permit the adjudication of claims by Class members whose claims are too small and complex to individually litigate against a large corporate defendant.

31.     As relief for these violations of Arkansas law, Plaintiffs seek, on behalf of themselves and all class members: 1) a declaratory judgment determining that Defendant has violated Arkansas law by issuing monies intended for applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile on Plaintiffs and Class members' totaled vehicles to lien holders; and, 2) an order requiring Defendant to pay monetary restitution in the amount of the applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile that Defendant has unjustly issued to lien holders; and 3) a permanent injunction preventing Defendant from further violating Arkansas law by issuing monies intended for applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile on Plaintiffs and Class members' totaled vehicles to lien holders.

## CAUSE OF ACTION
### Declaratory Judgment

32.     Plaintiff 's hereby repeats and re-alleges all preceding paragraphs contained herein.

33.     An actual case and controversy exists within the meaning of the Arkansas Declaratory Judgment Act, Ark. Code Ann. § 16-111-101, *et seq.*

34.     Plaintiffs were covered under an insurance Contract with Defendant. Arkansas law controls how Defendant's Arkansas customers must be treated.

35. Well-settled Arkansas law states that applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable vehicle are distinct damages from the actual cash value of the vehicle.

36. There is no legal basis to maintain a lien upon the applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable vehicle by a lienholder.

37. Defendant, throughout the Class Period, as a common policy and general business practice, paid lien holders applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile in addition to the ACV in violation of Arkansas law and despite knowing the lienholders interest only extended to the ACV of the vehicle.

38. As a result of these violations of Arkansas law, Plaintiff and Class members have been injured. Their damages include the amount of applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile illegally paid to lien holders. Through its illegal actions, Defendant has deprived and continues to deprive their insured's of the applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile owed under Arkansas law, which belong to Plaintiff and Class members. Therefore, restitution, including pre- and post-judgment interest and attorney's fees, is appropriate, as well as other legal and equitable relief.

39. If not permanently enjoined by this Court, Defendant will continue to pay lien holders the applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile in addition to the ACV that belong to

Plaintiff 's and Class members. Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiff and Class members, including but not limited to monetary damage. Therefore, injunctive relief is appropriate, as well as other legal and equitable relief.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs, individually and on behalf of all others similarly situated, respectfully requests judgment as follows:

a) declaring that Defendant's failure to issue direct payment to Plaintiffs and Class members their applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile fees violates Arkansas law;

b) an order permanently enjoining Defendant from paying lien holders applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile in addition to the ACV as those damages belong to Plaintiff and Class members;

c) monetary restitution to Plaintiff and all Class members of 100% of the , applicable taxes, license fees and other fees actually incurred incident to transfer of evidence of ownership of a comparable automobile the defendant has illegally taken;

d) pre and post-judgment interest;

e) attorney's fees and costs; and

f) such other legal and equitable relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiffs and the Class members hereby request a trial by jury.

Respectfully submitted,

By: /s/ Bill G. Horton
      Bill G. Horton (2002200)
      NOLAN, CADDELL & REYNOLDS
      211 N. 2nd St.
      Rogers, AR 72756
      Phone: (479) 464-8269

      *Counsel for Proposed Plaintiff Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2017, a copy of the foregoing was served via Arkansas Court Connect, as well as United States mail, postage prepaid, upon defendant's counsel:

Richard Smith
Arvest Bank Building
500 Broadway Place, Suite 404
Little Rock, AR 72201

      /s/ Bill G. Horton
      Bill G. Horton